**IN THE COURT OF COMMON PLEAS, GUERNSEY COUNTY, OHIO**

**Glen Underwood**
4792 Clay Pike Road
Cambridge, Ohio 43725

Plaintiff,

vs.

**Connecticut Valley Arms, Inc.**
C/O Dudley McGarity
5988 Peachtree Corners East
Norcross, Georgia 30071

and

**Blackpowder Products, Inc.**
C/O Dudley McGarity
5988 Peachtree Corners East
Norcross, Georgia 30071

and

**Cabela's Inc.**
C/O Statutory Agent
One Cabela Drive
Sydney, Nebraska 69160

and

**Hodgdon Powder Company**
C/O Statutory Agent
6231 Robinson Street
Shawnee Mission, Kansas 66202

and

**PowerBelt Bullets**
C/O Statutory Agent
2316 East Railroad Street
Nampa, Idaho 83687

**Case No.** 09 PI 103

**Judge** Ellwood

**COMPLAINT**

**Jury Demand**
**Endorsed Hereon**

CLERK OF COURTS
DEC 17 AM 10: 22

and

**Dikar, S. Coop., Ltd.**
C/O Statutory Agent
Urarte Kalea 26,
Poligono Industrial San Lorenzo
20570 Bergara
Gipuzkoa, Spain

and

**John Doe Defendants #1-5**
Names and Addresses
Unknown to Plaintiff

Defendants.

Now comes Plaintiff Glen Underwood, by and through counsel, and for his causes of action states as follows:

**PARTIES:**

1. At all times relevant herein, Plaintiff Glen Underwood was a resident of 4792 Clay Pike Road, City of Cambridge, County of Guernsey, State of Ohio.

2. At all times relevant herein, Defendant Connecticut Valley Arms, Inc. (hereinafter "CVA") and Blackpowder Products Inc. (hereinafter "BPI") were corporations or legal entity organized and existing under the laws of the State of Ohio, or some other state of the United States of America, and was authorized to do business in the State of Ohio and/or has regularly conducted business in the State of Ohio. BPI upon information and belief is and was at all times pertinent hereto the corporate successor in interest to CVA, and it conducted its business (designing, developing, importing, marketing, distributing and selling firearms and related products), under the trade name Connecticut Valley

Arms. Its principal place of business was at all time pertinent hereto in Norcross, Georgia.

3. At all times relevant hereto, Defendant Dikar, S. Coop., Ltd. (hereinafter "Dikar") was a foreign corporation with its principal place of business at Urarte Kalea 26, Poligono Industrial San Lorenzo, 20570 Bergara, Gipuzkoa, Spain. Defendant Dikar was at all times pertinent hereto engaged in the business of designing, manufacturing, assembling, distributing, exporting, and selling finished firearms products and components for firearms products to be used by consumers in various countries including the United States, and more specifically, the State of Ohio. Defendant Dikar did at all times pertinent hereto (a) manufacture muzzleloader rifle products pursuant to Defendants BPI and/or CVA designs and manufacturing specifications, including but not limited to the Kodiak 209 Magnum Pivot Block Action .45 caliber muzzleloader, and it did at all times pertinent hereto deliver and provide such muzzleloader rifle products to Defendants BPI and CVA for distribution and sale to consumers in Ohio. Defendant Dikar is subject to service of process pursuant to the Hague Convention.

4. At all times relevant herein, Defendant Cabela's Inc. (hereinafter "Cabela's") was a corporation or legal entity organized and existing under the laws of the State of Ohio, or some other state of the United States of America, and was authorized to do business in the State of Ohio and/or has regularly conducted business in the State of Ohio; and at all times relevant herein was engaged in the business of selling numerous types of products including muzzleloader rifles designed, developed, imported, marketed, distributed, and sold by Defendants CVA and BPI to consumers in numerous states, including Ohio.

Cabela's operates a location at Triadelphia, West Virginia, and it's principal place of business is located in Sidney, Nebraska.

5. At all times relevant herein, Defendant Hodgdon Powder Company (hereinafter "Hodgdon") was a corporation or legal entity organized and existing under the laws of the State of Ohio, or some other state of the United States of America, and was authorized to do business in the State of Ohio and/or has regularly conducted business in the State of Ohio.

6. At all times relevant herein, Defendant Powerbelt Bullets (hereinafter "Powerbelt") was a corporation or legal entity organized and existing under the laws of the State of Ohio, or some other state of the United States of America, and was authorized to do business in the State of Ohio and/or has regularly conducted business in the State of Ohio.

7. Plaintiff states that Defendants John Does #1-5 are individuals, partnerships, or corporations organized and existing under the laws of the State of Ohio or some other state of the United States of America or some foreign jurisdiction, and that said Defendants are conducting and/or have regularly conducted business in the State of Ohio.

8. The true names and capacities (whether individual, partnership, corporation or otherwise) of Defendants John Does #1-5 could not be discovered by the Plaintiff at this time and the Plaintiff has sued these unknown Defendants under these fictitious names.

9. When the true names of said Defendants John Does #1-5 have been ascertained, Plaintiff will seek leave to amend this Complaint accordingly.

10. Plaintiff is informed and believes that Defendants John Does #1-5 are legally responsible for events and occurrences that are described in this Complaint and that Defendants John Does #1-5 proximately caused injuries and damages to Plaintiff as set forth herein.

**JURISDICTION AND VENUE:**

11. Jurisdiction is conferred on this Court by Ohio Rev. Code § 2305.01.

12. Venue is proper in Guernsey County, Ohio by virtue of Rule 3(B)(1), (3), and (6) of the Ohio Rules of Civil Procedure since Defendants resided in, and/or conducted activity which gave rise to the claim for relief in, and/or all or part of the claim for relief arose in, Guernsey County, Ohio.

**SERVICE OF PROCESS**

13. Service of Process is permitted upon the Defendants by virtue of Ohio Rules of Civil Procedure Rules 4.2(A) and (F).

**COMMON FACTUAL ALLEGATIONS**

14. The BPI/CVA/Dikar Kodiak 209 Magnum Pivot Block Action .45 caliber muzzleloader rifle, serial number 61-13-104092-04 (hereinafter "Muzzleloader"), was designed, developed, exported, imported, marketed, and placed into the stream of interstate commerce by Defendants BPI, CVA, and Dikar, for sale to and use by consumers like Glen Underwood in numerous states, including Ohio.

15. On or about February 25, 2006, Glen Underwood (hereinafter "Plaintiff") purchased the Muzzleloader from the Defendant Cabela's retail location in Triadelphia, West Virginia.

16. On December 26, 2007, Plaintiff was preparing to shoot the Muzzleloader at targets on his property in the City of Cambridge, County of Guernsey, State of Ohio.

17. Plaintiff loaded the Muzzleloader properly, using .45 caliber bullets (hereinafter "Bullets") manufactured by Defendant Powerbelt and 150 grains of Triple 7 gunpowder, in pellet form, (hereinafter "Gunpowder") manufactured and pre-measured for use in 150 grain rifles by Defendant Hodgdon.

18. When Plaintiff pulled the trigger of the Muzzleloader to take the first shot, the Muzzleloader exploded in his face.

19. Pieces of the wooden stock, barrel, scope, and front half of the receiver were found in the field and on the railing that Plaintiff was shooting from, and at least one piece of glass was found in Plaintiff's face.

20. Plaintiff sustained severe facial damage and began to bleed heavily.

21. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered severe and permanent injuries, including but not limited to loss of eyesight in his right eye, severe scarring, and facial fractures. These injuries have caused Plaintiff to incur lost wages, and medical and hospital expenses. Due to the permanent nature of these injuries, Plaintiff expects the injuries to cause him to incur medical and hospital expenses into the indefinite future.

22. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered severe pain, suffering, mental anguish, and loss of enjoyment of life and, due to the permanent nature of the injuries, will continue to suffer from severe pain, suffering, mental anguish and loss of enjoyment of life into the indefinite future.

## FIRST CAUSE OF ACTION
**[Negligence – All Defendants]**

23. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

24. Defendants Cabela's, CVA, BPI, Dikar, Powerbelt, Hodgdon, and/or John Does #1-5 owed a duty of reasonable care to Plaintiff, and were obligated to protect him against the foreseeable risk of harm imposed by the Muzzleloader, Bullets, and Gunpowder, respectively.

25. Defendants breached their duty of care owed to Plaintiff to protect him from an unreasonable risk of harm in that they negligently researched, tested, manufactured, designed, developed, distributed, advertised, marketed, inspected, configured, and/or sold their respective products for subsequent use by the Plaintiff.

26. Defendants negligently failed to warn or alert Plaintiff of the dangers and hazards associated with the use of the said products.

27. Defendants were negligent in that they knew or should have known that the products were unreasonably dangerous and harmful to persons who would use them for the foreseeable and intended purpose for which they had been purchased.

28. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered severe and permanent injuries, including but not limited to loss of eyesight in his right eye, severe scarring, and facial fractures. These injuries have caused Plaintiff to incur lost wages, and medical and hospital expenses. Due to the permanent nature of these injuries, Plaintiff expects the injuries to cause him to incur medical and hospital expenses into the indefinite future.

29. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered severe pain, suffering, mental anguish, and loss of enjoyment of life and, due to the permanent nature of the injuries, will continue to suffer from severe pain, suffering, mental anguish and loss of enjoyment of life into the indefinite future.

## SECOND CAUSE OF ACTION
**[Products Liability – All Defendants (R.C. §§ 2307.71 et seq.)]**

**Strict Liability: Inadequate Warning or Instruction (R.C. § 2307.76)**

30. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

31. Plaintiff states that there was a defect in the products in design and/or construction as defined by Ohio Revised Code §2307.71 et. seq, which were manufactured and/or sold by Defendants.

32. Defendants Cabela's, CVA, BPI, Dikar, Powerbelt, Hodgdon, and/or John Does #1-5, as duly licensed corporations, marketed, researched, tested, configured, developed, distributed, labeled, advertised, inspected, designed, manufactured, sold and/or otherwise introduced into the stream of commerce the Muzzleloader, Bullets, and Gunpowder, respectively, which were being used by Plaintiff during the events described above.

33. Defendants knew, or in the exercise of reasonable care, should have known, about the risk of injury to the Plaintiff, and others like him, from the use of and exposure to the Defendants' products.

34. Defendants failed to provide warnings and instructions that a manufacturer, exercising reasonable care, would have provided concerning the risk to Plaintiff in light of the likelihood that the products would cause harm of the type for which Plaintiff seeks compensation in light of the seriousness of that harm. The lack of said warnings and/or instructions created a danger to the Plaintiff.

35. The products were further defective due to inadequate post-marketing warning or instruction because Defendant knew or, in the exercise of reasonable care, should have known about a risk that is associated with the products and that allegedly caused harm for which the claimant seeks to recover compensatory damages, and the manufacturer failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the products would cause harm of the type for which the claimant seeks to recover compensatory

damages and in light of the likely seriousness of the harm. The lack of said warning and/or instructions created a danger to the Plaintiff.

36. The defects existed at the time the Muzzleloader, Bullets, and Gunpowder left the control of the manufacturers and was introduced into the stream of commerce by Defendants.

37. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered severe and permanent injuries, including but not limited to loss of eyesight in his right eye, severe scarring, and facial fractures. These injuries have caused Plaintiff to incur lost wages, and medical and hospital expenses. Due to the permanent nature of these injuries, Plaintiff expects the injuries to cause him to incur medical and hospital expenses into the indefinite future.

38. As a direct and proximate result of the Defendants' defective products, Plaintiff has suffered severe pain, suffering, mental anguish and loss of enjoyment of life, and, due to the permanent nature of the injuries, will continue to suffer from severe pain, suffering, mental anguish and loss of enjoyment of life into the indefinite future.

**<u>Defective Due To Nonconformance With Manufacturer's Representation (R.C. 2307.77)</u>**

39. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

40. The Muzzleloader, Bullets, and Gunpowder were defective due to their failure to conform, when they left the control of Defendant manufacturers CVA, BPI, Dikar, Powerbelt, and Hodgdon, respectively, to a representation made by those Defendant manufacturers.

41. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered severe and permanent injuries, including but not limited to loss of eyesight in his right eye, severe scarring, and facial fractures. These injuries have caused Plaintiff to incur

lost wages, and medical and hospital expenses. Due to the permanent nature of these injuries, Plaintiff expects the injuries to cause him to incur medical and hospital expenses into the indefinite future.

42. As a direct and proximate result of the Defendants' defective products, Plaintiff has suffered severe pain, suffering, mental anguish and loss of enjoyment of life, and, due to the permanent nature of the injuries, will continue to suffer from severe pain, suffering, mental anguish and loss of enjoyment of life into the indefinite future.

**Defective Design, Formulation, and/or Manufacture or Construction (R.C. §§ 2307.74, 2307.75)**

43. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

44. The Muzzleloader, Bullets, and Gunpowder were defectively designed and/or manufactured because they failed to withstand normal and reasonable use by the Plaintiff, and otherwise failed to perform adequately and safely when used in an intended and reasonably foreseeable manner, so as to proximately cause injuries to Plaintiff.

45. The defects existed at the time the products left the control of the manufacturers and were introduced into the stream of commerce by Defendants Cabela's, CVA, BPI, Dikar, Powerbelt, Hodgdon, and/or John Does #1-5, respectively.

46. Specifically, Plaintiff states that the Defendants researched, tested, manufactured, designed, configured, developed, distributed, advertised, marketed, inspected and/or sold the products, and knew or should have known that these products would be used and handled by users without any knowledge of their products' defects and inherent dangers and without any inspection for dangers and defects.

47. Defendants knew, or in the exercise of reasonable diligence should have known, of the risk of injury to the Plaintiff, and others like him, from the use of products.

48. The said products are more dangerous than an ordinary consumer or user would expect when used in an intended and reasonably foreseeable manner.

49. The benefits of the products do not outweigh the risks inherent in their design and configuration.

50. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered severe and permanent injuries, including but not limited to loss of eyesight in his right eye, severe scarring, and facial fractures. These injuries have caused Plaintiff to incur lost wages, and medical and hospital expenses. Due to the permanent nature of these injuries, Plaintiff expects the injuries to cause him to incur medical and hospital expenses into the indefinite future.

51. As a direct and proximate result of the Defendants' defective products, Plaintiff has suffered severe pain, suffering, mental anguish and loss of enjoyment of life and, due to the permanent nature of the injuries, will continue to suffer from severe pain, suffering, mental anguish and loss of enjoyment of life into the indefinite future.

## THIRD CAUSE OF ACTION
**[Breach of Implied Warranty – All Defendants]**

52. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

53. Defendants Cabela's, CVA, BPI, Dikar, Powerbelt, Hodgdon, and/or John Does #1-5, impliedly warranted that the Muzzleloader, Bullets, and Gunpowder, respectively, were of good and merchantable quality, fit and safe for their ordinary and intended uses without endangering human life or safety and free from design and manufacturing defects.

54. Defendants breached these implied warranties of merchantability, safety and fitness for a particular purpose in that their products were defective, defectively designed, defectively manufactured, and/or dangerous to reasonably foreseeable users like Plaintiff.

55. Plaintiff relied upon the implied warranties and representations of the Defendants regarding their products and, as a result, utilized their products.

56. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered severe and permanent injuries, including but not limited to loss of eyesight in his right eye, severe scarring, and facial fractures. These injuries have caused Plaintiff to incur lost wages, and medical and hospital expenses. Due to the permanent nature of these injuries, Plaintiff expects the injuries to cause him to incur medical and hospital expenses into the indefinite future.

57. As a direct and proximate result of the Defendants' combined respective breaches of implied warranties, Plaintiff has suffered severe pain, suffering, mental anguish and loss of enjoyment of life, and, due to the permanent nature of the injuries, will continue to suffer from severe pain, suffering, mental anguish and loss of enjoyment of life into the indefinite future.

**FOURTH CAUSE OF ACTION**
**[Breach of Express Warranty – All Defendants]**

58. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

59. Defendants Cabela's, CVA, BPI, Dikar, Powerbelt, Hodgdon, and/or John Does #1-5, expressly warranted that the Muzzleloader, Bullets, and Gunpowder, respectively, were reasonably fit for their intended uses without endangering human safety and free from design or manufacturing defects.

60. Defendants breached this express warranty because their respective products were dangerous and defective for their reasonably foreseeable uses.

61. Plaintiff relied upon the express warranties and representations of Defendants regarding the fitness, safety and durability of the respective products and as a result, Plaintiff agreed to use said products.

62. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered severe and permanent injuries, including but not limited to loss of eyesight in his right eye, severe scarring, and facial fractures. These injuries have caused Plaintiff to incur lost wages, and medical and hospital expenses. Due to the permanent nature of the injuries, Plaintiff expects the injuries to cause him to incur medical and hospital expenses into the indefinite future.

63. As a direct and proximate result of the Defendants' combined respective breaches of express warranties, Plaintiff has suffered severe pain, suffering, mental anguish and loss of enjoyment of life, and, due to the permanent nature of the injuries, will continue to suffer from severe pain, suffering, mental anguish and loss of enjoyment of life into the indefinite future.

**<u>FIFTH CAUSE OF ACTION</u>**
**[Punitive Damages – All Defendants]**

64. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

65. Defendants Cabela's, CVA, BPI, Dikar, Powerbelt, Hodgdon, and/or John Does #1-5, introduced the Muzzleloader, Bullets, and Gunpowder, respectively, into the stream of commerce with full knowledge of their inherently dangerous and defective design, and with full knowledge of the likelihood of resulting severe injuries to consumers who might

have a problem with the products, thereby entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff Glen Underwood prays for damages against the Defendants for compensatory, consequential, incidental, special and medical damages in an amount in excess of **$25,000.00**, together with interest and costs herein expended.

Respectfully submitted,

**COLLEY SHROYER & ABRAHAM CO., L.P.A.**

Daniel N. Abraham (0023457)
536 South High Street
Columbus, Ohio 43215
T: (614) 228-6453
F: (614) 228-7122
E: dabraham@csalawfirm.com
*Attorney for Plaintiff*

**JURY DEMAND**

Now comes the Plaintiff and demands that the within cause of action be tried by a jury of eight (8).

Daniel N. Abraham (0023457)